IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr322

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| STEVE CARLO ELAM ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant to seal the courtroom during his sentencing hearing. (Doc. No. 19).

As grounds for the motion, the defendant claims that he may be embarrassed and humiliated by the disclosure of personal information in the presentence report and that he may be harmed by the disclosure of details of his cooperation with the government. (Doc. No. 19: Motion at 1). The First Amendment guarantees the right of the press and public to attend sentencing hearings. In re Washington Post Co., 807 F.2d 383, 389 (4th Cir. 1986). The Fourth Circuit has recognized public access serves the important function of protecting the integrity of such proceedings. Id. However, access may be denied when "closure is essential to preserve higher values and is narrowly tailored to serve that interest" if the Court follows certain procedures to give the public adequate notice and enable review by higher courts. Id. at 390-391.

Here, the Court does not find that closure is essential to preserve higher values. The presentence report which contains personal information about the defendant is already generally protected against public disclosure. United States Dep't of Justice v. Julian, 486 U.S. 1, 14 (1988). The government's Motion for Downward Departure based on substantial assistance to the government was not filed under seal. (Doc. No. 21). Following the Supreme Court's decision in

United States v. Booker, 543 U.S. 220 (2005), the defendant's history and characteristics are important factors for the Court to consider in determining a sentence. 18 U.S.C. 3553(a); U.S. v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006).  Thus, the public has a significant interest in understanding the basis of the sentence resulting from the hearing which the defendant seeks to have sealed.

**IT IS, THEREFORE, ORDERED,** that the defendant's motion to seal the courtroom during the sentencing hearing is DENIED.  The parties may request that the Court seal particular documents admitted at hearing.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: August 2, 2006

Robert J. Conrad, Jr.
Chief United States District Judge